IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 17 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00689-ZLW

CYRILLE ALESANDRE, a.k.a. DARRICK ALEXANDER,

    Plaintiff,

v.

JOHN HICKENLOOPER (Mayor City and County of Denver),
GARY WHITTMAN (Chief of Police City and County Denver),
CHRISTOPHER G. FOEGEN #95056 (Denver Police Officer),
RICHARD ROSENTHAL (Independent Monitor), and
JOHN LAMB (Commander Internal Affairs),

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff has filed *pro se* on July 7, 2008, a document titled "Show Cause" in which he asks the Court to reopen the instant action. The Court's Order of Dismissal and Judgment were filed in this action on May 28, 2008. The Court must construe the request liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the request will be construed liberally as a motion to reconsider. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Plaintiff's motion to reconsider, which was filed more than ten days after the Court's Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action because Plaintiff failed either to pay the initial partial filing fee required pursuant to 28 U.S.C. § 1915(b)(1) or to show cause why he was unable to pay the initial partial filing fee. Prior to the dismissal of this action, Plaintiff attempted to show cause why he could not pay the initial partial filing fee but the Court determined that the documentation Plaintiff provided was insufficient to show cause. Plaintiff alleges in the July 7 document titled "Show Cause" that he now has a better understanding of the Court's rules and procedures and he attaches to the July 7 document a certified copy of his inmate trust fund account statement dated May 20, 2008.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Plaintiff fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. The account statement Plaintiff has submitted demonstrates that he had sufficient funds to pay the initial partial filing fee for this action. Therefore, the liberally construed motion to reconsider will be denied. However, Plaintiff is reminded that the Court dismissed

2

the instant action without prejudice. If Plaintiff wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that Plaintiff's request to reopen this action, which he makes in the document titled "Show Cause" filed on July 7, 2008, is denied.

DATED at Denver, Colorado, this __16__ day of __July__, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00689-BNB

Cyrille Alesandre
aka Darrick Alexander
Prisoner No. 1565750
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/17/08

GREGORY C. LANGHAM, CLERK

By: _____
             Deputy Clerk